Brenda **CHANEY** et al.

v.

Frank R. **AHLGREN** et al.

**Civ. A. No. 6468.**

United States District Court,
E. D. Tennessee, S. D.

Aug. 24, 1972.

Francis I. Breazeale, Chattanooga, Tenn., for plaintiffs.

John C. Baugh, Gen. Counsel, Univ. of Tenn., Knoxville, Tenn., Witt, Gaither, Abernathy & Wilson, Chattanooga, Tenn., for Wayne Fisher, Ann Baker Furrow, E. Boyd Garrett, Paul J. Kinser, Harry W. Laughlin, William E. Miller, Leonard Raulston, Don Shadow, Marcus J. Stewart, Herbert S. Walters, Clyde M. York.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an action brought by certain students in the University of Tennessee at Chattanooga seeking to enjoin the Board of Trustees of the University (hereinafter referred to as defendants) from collecting certain fees and expending such fees for certain programs and activities which plaintiffs contend do not serve the interest of all students. The case is presently before the Court upon defendants' motion to dismiss.

The complaint alleges that the defendants require as a condition to enrollment at the University of Tennessee at Chattanooga the payment of a certain fee designated as a "University Programs and Activities Fee" (hereinafter sometimes referred to as "activities fee"). This fee, which is stated to be in the sum of $25.00 per semester for each student, is expended for various purposes in connection with the programs and activities on the campus. Plaintiffs estimate that approximately $216,000 in activities fees were collected during the 1971–72 school year.

The plaintiffs allege that funds derived from the activities fee are expended with approval of the defendants for programs and activities which do not serve the interests of all students, but rather serve the interests of only a minority of the students, a portion of such fees being allocated by the defendants during the past school year in the following amounts and to the following programs and activities, which programs and activities the plaintiffs and other students do not wish to support:

| | | |
|---|---|---|
| (a) | Athletics | $ 69,000 |
| (b) | Cheerleaders | 3,000 |
| (c) | Student Newspaper | 20,475 |
| (d) | Year Book | 9,650 |
| (e) | Speakers Program | 4,000 |
| (f) | Literary Magazine | 2,825 |
| (g) | Student Government Assn. | 24,375 |
| | TOTAL | $133,425 |

Although admitting that they "should and must support all activities which are related to student health, education or welfare," the plaintiffs contend that to require them to support, through the activities fee, the programs which they feel do not serve the interests of all the students violates their constitutional rights under the Equal Protection and the Due Process Clauses of the Fourteenth Amendment.

The defendants' motion to dismiss is based upon the contention that the complaint fails to state facts sufficient to constitute any violation of either the Equal Protection Clause or the Due Process Clause of the Fourteenth Amendment.

■ Although the allegations of the complaint are directed toward an alleged violation of the Federal Constitution, much of the plaintiffs' argument in their brief and in their oral argument appears to have been directed toward the alleged lack of legislative authority under the State Constitution to delegate to the defendant Board of Trustees the taxing power, which it is contended the assessment of an activities fee is equivalent to. If the only issue in this lawsuit is the lack of authority of the Board of Trustees to assess an activities fee under the State Constitution or under the state law, then the plaintiffs have sought relief in the wrong forum, as this Court would be without jurisdiction to resolve such a non-federal issue.

■ Assuming the authority under state law of the Board of Trustees to assess fees, including an activities fee, as a condition for student admission to the University, any Fourteenth Amendment issue, if it exists must be as to whether

such a condition to admission is so unreasonable, either in relation to the purposes for which the institution exists or in the amount of the fee, as to violate due process, or so discriminatory, either in its application to students seeking admission or in its distribution, as to violate a student's right to equal protection of the laws. It is not to the wisdom or lack of wisdom, nor to the popularity or lack of popularity of the collection and application of such a fee that this Court may properly concern itself. Rather, it is to the reasonableness or lack of reasonableness or to the discrimination or lack of discrimination that the Court must look. ·When viewed in this light it is apparent that the plaintiffs' complaint fails to allege any Federal Constitutional issue.

There is no contention made in the complaint that an activities fee of $25.00 per semester is so unreasonable in amount as to constitute a violation of due process. Nor is there any contention of discrimination on the part of the defendants in the collection of the fee. Rather, it appears that the fee is uniformly collected of all students. Students, in this context, constitute a reasonable classification of persons. Thus, both the Due Process Clause and the Equal Protection Clause are satisfied in the matter of the collection of the complained of fee.

The heart of the plaintiffs' contention appears to be that, since the defendants apply the fees thus collected to purposes which the plaintiffs consider non-educational and to purposes which are undesired by or unpopular with the plaintiffs and a majority of other students within the University, the fee must in some manner violate the plaintiffs' constitutional right to due process and equal protection of the laws. While the popularity or unpopularity of an issue may properly address itself to the legislative processes of government, in this case the Board of Trustees, as previously indicated, such matters do not properly address themselves to constitutional issues or to the judicial interpretation thereof. It is apparent that the application by the defendants of the funds derived from the student activities fee is not so unrelated to the operation of the University as to be irrational to the extent of constituting a violation of due process. Provision for student activities, such as student government, student publications, student athletics, student forums, and student entertainment, the matters herein complained of, are not, because of their extracurricular nature or otherwise, so unrelated to the operation of a university as to be irrational and therefore a violation of due process. In the field of public appropriations ". . . the requirements of due process leave free scope for the exercise of a wide legislative discretion in determining what expenditures will serve the public interest." Carmichael v. Southern Coal & Coke Co., 301 U.S. 495 at 514, 57 S.Ct. 868, at 874, 81 L.Ed. 1245 (1937). As is true in the field of public appropriations generally, the same due process rule would be applicable to the more limited field of appropriations for the operation of a university. Due process grants no general authority to the judiciary to substitute its judgment in matters of university appropriations for the judgment of the governing board of the institution.

It is likewise apparent that the application by the defendants of the funds derived from the student activities fee, while alleged to be unpopular with many if not a majority of the students, is not such a discriminatory application as to render the collection of the fee a violation of any student's right to equal protection of the laws. No allegation is made that the University denies unto any student the right to participate upon an equality with other students in any activity toward which student activity fees are applied. That such activities may be unpopular or even offensive unto students and that students may as a matter of choice elect not to participate therein does not render the activity, nor the appropriation therefor, nor the collection of a fee therefor, a denial of

equal protection of the laws. Just as a citizen's election not to use a public school, a public park, a public road, or a public library does not render taxation for such purposes a denial of equal protection of the laws, so a student's election not to participate in an activity financed by student activities fees does not render the assessment of such a fee a denial of equal protection of the laws.

Having found no allegation of facts in the complaint which could constitute a violation either of the Due Process Clause or the Equal Protection of the Laws Clause of the Fourteenth Amendment, the defendants' motion to dismiss the complaint herein will be sustained.

An order will enter accordingly.